**Sonia Nieves MOLINA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70840.
INS No. A70–967–898.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Sonia Nieves Molina, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an immigration judge's denial of her applications for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Molina contends that she has a well-founded fear of persecution because she suffered past persecution on account of an imputed political opinion. This contention lacks merit because the evidence of her resistance to recruitment efforts failed to show persecution on account of an imputed political opinion. *See id.* at 482–83, 112 S.Ct. 812. Therefore, substantial evidence supports the conclusion that Molina failed to establish eligibility for asylum.

Because Molina failed to establish eligibility for asylum, she necessarily failed to satisfy the more stringent standard for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).